```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

FLORIDA SOUTHEAST CONNECTION,
LLC,

       Plaintiff,

v.                                  Case No. 8:16-cv-688-T-33TGW

1.125 ACRES OF LAND, MORE OR
LESS, IN POLK COUNTY, FLORIDA,
EDITH M. MCPHAIL, deceased, et
al.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Florida Southeast Connection, LLC's Motion for Final Summary Default Judgment (Doc. # 38). As of the date of this Order, Defendants Edith M. McPhail and all unknown owners of or interest holders of the land subject to this action have not appeared, defended against this action, or moved to set aside the Clerk's Defaults entered against them on November 1, 2016, (Doc. ## 36-37). For the reasons that follow, the Court grants FSC's Motion.

**I.  Background**

On February 2, 2016, the Federal Energy Regulation Commission (FERC) issued an Order granting FSC a Certificate

of Public Convenience and Necessity (FERC Certificate) that authorizes FSC to construct and operate the Florida Southeast Connection Project (the Project). (Doc. # 1-4). To construct the Project in accordance with its FERC Certificate, FSC must acquire the Easements, (Doc. # 6-1 at ¶ 13), which are located within the jurisdiction of this District Court. As part of the certification process, FSC submitted and FERC approved alignment sheets showing the final alignment of the Project. (Id. at ¶ 14). FSC prepared the Easements described, identified, and depicted in Composite Exhibit 3 to the Complaint to conform to the FERC-approved alignment sheets. (Id. at ¶ 15). Prior to filing suit, FSC was unable to acquire the Easements by contract.

FSC filed suit against the land at issue, as well as Edith M. McPhail, Cary D. Lightsey, Layne L. Lightsey, and all unknown owners of or interest holders of the subject land. (Doc. # 1). Service was effected as to C. Lightsey and L. Lightsey on March 25, 2016. (Doc. ## 13-14). As to the remaining Defendants, service was effected on April 15, 2016, via publication, pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B). (Doc. ## 12, 17, 17-1).

Upon FSC's motion to dismiss under Rule 71.1(i)(2) (Doc. # 20), C. Lightsey and L. Lightsey were dismissed from this

2

action on April 26, 2016. (Doc. # 21). With regard to McPhail and all unknown owners, (1) an appearance under Rule 71.1(e)(1) or (2) an answer under Rule 71.1(e)(2) was required within 21 days after April 15, 2016, the date on which the last publication was published. However, neither McPhail nor any other person with an interest in the land at issue filed an appearance or an answer.

After a hearing held on May 11, 2016, (Doc. # 26), the Court granted FSC's motion for partial summary judgment (Doc. ## 6, 27), and granted FSC's motion for preliminary injunction for immediate possession (Doc. ## 7, 28). Subsequent thereto, upon the Court's directive, FSC posted a bond in the amount of $5,200. (Doc. # 32).

FSC thereafter applied for entry of Clerk's default against McPhail and all unknown owners on October 21, 2016. (Doc. # 35). Clerk's default was entered against McPhail and all unknown owners on November 1, 2016. (Doc. ## 36-37). Neither McPhail nor any interested owner moved to set aside the entries of default. FSC now moves for entry of default judgment. (Doc. # 27).

II. **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**III. Analysis**

"[T]he failure to . . . serve an answer [as provided by Rule 71.1(d)(2)(A)(v)] constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation . . . ." Fed. R. Civ. P. 71.1(d)(2)(A)(vi). In this case, the remaining Defendants were served by

4

publication pursuant to Rule 71.1(d)(3)(B) and, as such, their respective answers were due within 21 days of the date of the last publication. Fed. R. Civ. P. 71.1(d)(3)(B)(ii), 71.1(e)(2). Neither of the remaining Defendants have served an answer in this action. Under Rule 71.1(e)(3), Defendants have "waive[d] all objection and defenses not stated in [their] answer[s]," which, because Defendants never filed an answer, means Defendants have waived all objections and defenses.

Furthermore, the remaining Defendants never made an appearance under Rule 71.1(e)(1). However, "at the trial on compensation, a defendant—whether or not it has previously appeared or answered—may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3). As of this Order, neither of the remaining Defendants have appeared or presented any evidence as to the amount of compensation to be paid.

The Court previously granted FSC possession of the easement (Doc. ## 27-28), thus ending the issue of whether FSC could lawfully use the land subject to the easement. Therefore, the only issue that remains is that of just compensation. "The burden of establishing the value of condemned lands lies with [the land owner]". Columbia Gas

5

Transmission Corp. v. Rodriguez, 551 F. Supp. 2d 460, 461 (W.D. Va. 2008) (citing United States v. Powelson, 319 U.S. 266, 273-74 (1943)). As mentioned, in spite of not filing an answer or appearing, the remaining Defendants may still present evidence as to the value of the land; however, they have failed to do so.

"A plaintiff's offer on a property interest may constitute the minimum estimate of what constitutes just compensation." Id. (citing ANR Pipeline Co. v. 62.026 Acres of Land, 389 F.3d 716, 718 (7th Cir. 2004)). It is the market value of the condemned land that is the proper measure of just compensation. Id. (citing United States v. Petty Motor Co., 327 U.S. 377-78 (1946)).

In support of its Motion, FSC has attached the declaration, made pursuant to 28 U.S.C. § 1746, of Barry A. Diskin. (Doc. # 38-1). Diskin is the principal of Diskin Property Research and a state-certified general real estate appraiser, license number RX270, with over thirty years' experience. (Id. at ¶¶ 2-3). Diskin inspected and prepared appraisal reports regarding the value of Parcel Number PO 1431, Parcel Control Number 29-30-24-000000-031190, and Parcel Number PO 1433, Parcel Control Number 29-30-24-000000-031150. (Id. at ¶¶ 5-6). Diskin appraised the value of the

6

easements on the above-mentioned Parcels at $1,300 for each Parcel. (Id. at ¶¶ 7-10). The total appraised value thus equals $2,600.

In its Motion, FSC asserts that $3,600 is just compensation for all the land at issue. (Doc. # 38 at 5) ("The just compensation to be paid for Parcel No. PO 1431 and Parcel No. PO 1433 is $3,600.00."). In light of the remaining Defendants failure to appear, answer, defend, or present evidence as to the value of the land at issue, the Court finds the just compensation to be paid for Parcel Number PO 1431 and Parcel Number PO 1433 is $3,600.00. FSC is directed to deposit the sum of $3,600 into the Court's Registry as just compensation for the above-described Parcels. Upon the deposit of the foregoing amount of just compensation into the Court's Registry, ownership and title of the property rights related to Parcel Number PO 1431, Parcel Control Number 29-30-24-000000-031190, and Parcel Number PO 1433, Parcel Control Number 29-30-24-000000-031150, as described, identified, and depicted in Exhibit 3 to the Complaint (Doc. # 1-3) shall vest in FSC.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Florida Southeast Connection, LLC's Motion for Final Summary Default Judgment (Doc. # 38) is **GRANTED.**

(2) The Court finds the just compensation to be paid for Parcel Number PO 1431, Parcel Control Number 29-30-24-000000-031190, and Parcel Number PO 1433, Parcel Control Number 29-30-24-000000-031150, is $3,600.

(3) FSC is directed to deposit the sum of $3,600 into the Court's Registry as just compensation for Parcel Number PO 1431, Parcel Control Number 29-30-24-000000-031190, and Parcel Number PO 1433, Parcel Control Number 29-30-24-000000-031150.

(4) Upon the deposit of the foregoing amount of just compensation into the Court's Registry, the Clerk shall enter judgment in favor of Plaintiff Florida Southeast Connection, LLC, and against Defendants Edith M. McPhail, deceased, and all unknown owners of or interest holders of the land subject to this action, whereupon ownership and title of the property rights related to Parcel Number PO 1431, Parcel Control Number 29-30-24-000000-031190, and Parcel Number PO 1433, Parcel Control Number 29-30-24-000000-031150, as described, identified, and depicted in Exhibit 3 to the Complaint (Doc. # 1-3) shall vest in FSC.

(5) Once judgment has been entered, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of November, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE